EFFIE L. MACOMBER *vs.* CLIFTON L. BREMER, trustee, & others.

Suffolk.   December 2, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mortgage,* Of real estate.   *Equity Jurisdiction,* To remove cloud from title, To follow proceeds of trust funds.   *Payment.*

In a suit in equity, by a *bona fide* purchaser for value of a mortgage of real estate, to enjoin the enforcement of a previous mortgage and mortgage note, it appeared that the plaintiff bought his mortgage and the mortgage note secured by it from the person to whom they were payable, the mortgage containing a warranty that the property was free from all incumbrances, and the note containing a statement that it was secured by a first mortgage, and the plaintiff relying on the statement of the assignor and having no knowledge of the existence of any previous mortgage on the property. It further appeared that the person who sold and assigned the mortgage to the plaintiff was a fraudulent trustee, who, before he sold the mortgage to the plaintiff, had purchased in his own name with trust funds a previous mortgage made by the same mortgagor on the same property, that he then had made an agreement with the mortgagor under which two new mortgages were made to take the place of the mortgage which he held, one being that purchased by the plaintiff, which was intended to be a first mortgage, and the other intended to be a second mortgage for a smaller amount; that the mortgagor believed the fraudulent trustee to be the sole owner of the previous mortgage in his own right, and the new mortgages were made with the intention of extinguishing and discharging the previous mortgage and taking up the note secured by it, it being agreed expressly that the new mortgages "operated to satisfy, extinguish and pay" the previous mortgage, which all parties intended thereby to discharge, but that the fraudulent trustee did not execute any discharge in writing of the previous mortgage and retained the note secured by it. The successor in the trust of the fraudulent trustee, who was one of the defendants in the case, desired to enforce the previous mortgage and note for the benefit of the beneficiaries of the trust, by way of following the funds of the trust embezzled by the fraudulent trustee. It was this enforcement that the bill of the plaintiff sought to enjoin. *Held,* that the previous mortgage was paid and must be treated as if discharged, and therefore did not belong either to the defendant trustee or to his beneficiaries; that the plaintiff was the rightful owner of the mortgage and note purchased by him and that the defendant trustee could not follow the trust property of

his beneficiaries into the mortgage debt assigned to the plaintiff, who was a *bona fide* purchaser of it for value, and the plaintiff was granted the injunction prayed for.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 25, 1907, by Effie L. Macomber, of Braintree, as the purchaser and holder of a certain mortgage for $2,000, hereinafter called mortgage B, against Clifton L. Bremer, trustee under the will of Francis W. Sayles, Susan E. French and Edwin F. French, Charles F. Berry and James D. Colt, the trustee in bankruptcy of the estate of Charles F. Berry, praying (1) that a certain mortgage hereinafter called A be deemed to be a cloud upon the plaintiff's title, and that Charles F. Berry, or any one having his estate in the locus, be perpetually enjoined from assigning, transferring, foreclosing by suit, entry or sale mortgage A, or from exercising any of the powers therein contained, or (2) that mortgage A and note be delivered up and cancelled, and also be cancelled on record and be no longer a lien upon the premises described, or (3) that it be decreed that mortgage A be no longer a lien upon the locus as against the plaintiff or any person or persons claiming by, through or under her, and that Berry, and all persons claiming by, through or under him, be debarred and perpetually enjoined from setting up that mortgage as against the plaintiff, and (4) for further relief.

The case was submitted to *Loring,* J., upon the pleadings and the following agreed statement of facts:

On March 10, 1898, Charles F. Berry, not an attorney at law, was appointed trustee under the will of Francis W. Sayles, and, at the request of the beneficiaries, without sureties on his official bond, they being Jane H. Sayles and Laura H. Sayles, both of age at that time. From then until 1904 Berry was acting as trustee for three or more estates besides the Sayles estate, and during that time embezzled some hundreds of thousands of dollars. For the purposes of this case, it may be assumed that he mingled the funds of all the trust estates with his own, in a bank account standing in the name of Charles F. Berry, trustee. Berry bought a number of shares of stock in his name as trustee under the will of Francis W. Sayles, paying for them by a check on this bank account, which at that time contained more

than $10,000 belonging to the Sayles estate, which was more than the amount necessary to pay for the stock so bought. This stock afterwards was sold by Berry through his brokers, and a check for a part of the proceeds, drawn by his brokers, payable to Charles F. Berry, trustee, was used by Berry, on May 19, 1900, in purchasing from one Trask the mortgage for $2,600 referred to as A in the plaintiff's bill, Trask indorsing the note without recourse to Charles F. Berry, and assigning the mortgage to Charles F. Berry individually; and the mortgage and assignment were recorded. The principal being overdue, Trask previously had filed in the registry of deeds a certificate of entry made by him on the premises described in the mortgage for the purpose of foreclosing it, but this certificate was not recorded within thirty days from the date of entry.

The defendants French were the makers of the note to secure the payment of which mortgage A was given, and were the mortgagors named in the mortgage. Soon after the assignment, Berry told the defendants French that he wished to replace mortgage A by two mortgages, aggregating the same amount, for the purpose of getting a better first mortgage. The defendants French, believing Berry to be the sole owner in his own right of mortgage A, the latter having possession of the note and deed, and being ignorant that any one else had or claimed to have an interest in that mortgage, gave Berry the two notes and the mortgages called B and C in the bill, upon the agreement that the last named mortgages operated to satisfy, extinguish and pay mortgage A, and all parties intending thereby to discharge mortgage A; but they did not take up the note of mortgage A, and no written discharge ever was executed or recorded, and Berry thereafter had all three notes and mortgages in his possession until the assignment to Macomber, hereinafter mentioned. Mortgage B was for $2,000 and mortgage C was for $700. Both mortgages and both notes were made to Charles F. Berry individually. In mortgage B the property was warranted to be free from all incumbrances, and in mortgage C it was warranted to be free from all incumbrances except mortgage B for $2,000.

. The Sayles beneficiaries, being deceived by Berry's accounts, had no notice of the above facts, and thereafter no rights were

asserted under mortgage A until August, 1906, after the appointment of Clifton L. Bremer as trustee under the will of Francis W. Sayles, succeeding Berry. Nor was the interest of the mortgagee in the locus under mortgage A insured against fire during that time.

Effie L. Macomber, the plaintiff, relying upon the statement by Berry that mortgage B was a first mortgage, and the fact that it was so described in note B, and relying upon the covenants of mortgage B that the premises were free from incumbrances, and having no actual notice of mortgage A, or reason to suspect its existence (not having had the title examined), purchased from Berry the note of mortgage B, paying its full face value and accrued interest. Berry thereupon indorsed and delivered the note and assigned mortgage B to Macomber, and thereupon the assignment was recorded. Payment was made by check of Macomber, payable to Berry personally, and the check was deposited by Berry in the bank account hereinbefore mentioned, and was paid on presentation. Berry previously had acted in certain capacities for Macomber in foreclosing mortgages and collecting interest on mortgages, and had at various times notes and mortgages of Macomber in his possession, but in this matter he did not act except that he advised her that he had had the title examined, that it was perfect, that mortgage B was a first mortgage and mortgage C was a second mortgage.

Suit was brought by the defendant Bremer, trustee, in this court to recover the amount of the check given by Berry to Trask in payment for mortgage A, asserting that the word "trustee" in the check was sufficient notice. The case was decided adversely to Bremer, trustee. Bremer, trustee, also proved a claim in bankruptcy against the estate of Berry for an amount which included an indebtedness due from Berry by reason of his failure to account to the estate for the proceeds of the shares of stock sold as aforesaid; but no money, property or benefit of any kind ever was received by the Sayles estate in return for the moneys used by Berry in the purchase of the Trask assignment, unless the deposit in the bank account of the check of Macomber was a credit.

At the time of the filing of the bill the plaintiff was the holder and owner of note and mortgage B, and had entered for breach

of condition and had recorded a certificate of such entry, and was possessed of the premises.

Berry being bankrupt, the question was as to the rights of all the parties to the bill; the defendants French joining in the prayers of the bill for such relief as might seem proper.

The justice made a memorandum of decision, containing, with other things, the following:

"The debt secured by the mortgage referred to as mortgage A was in fact and in law paid by the execution and delivery of the two notes secured by mortgages B and C. That being so, the plaintiff Macomber is not bound to pay anything to redeem from the mortgage given to secure that debt."

"There is no cross bill in this suit, and the question whether Bremer can follow the trust property into the $700 note is not before me."

He made a final decree that the mortgage referred to in the bill as mortgage A has been paid, and there "is now nothing due thereon; and that the defendant Clifton L. Bremer, trustee, and all persons claiming under him, be perpetually enjoined from assigning, transferring or any way enforcing the note to secure the payment of which said mortgage deed was given, or any of the powers in said deed contained."

The defendant Bremer, trustee under the will of Francis W. Sayles, appealed.

The case was submitted on briefs.

*C. L. Bremer,* trustee, *pro se;*

*W. P. Fowler & R. Gallagher,* for Effie L. Macomber and Susan E. French.

HAMMOND, J. The debt secured by the first mortgage was in fact and in law paid by the delivery of the two notes respectively secured by the second and third mortgages. Such was the intention of all parties; and the mortgagors were entitled to the return of the note and to a discharge of the mortgage. That being so, the plaintiff Macomber is not bound to pay anything to redeem from the mortgage given to secure that debt. There is nothing in *Grimes* v. *Kimball,* 3 Allen, 518; *S. C.* 8 Allen, 153, or the other cases cited by the defendant Bremer, inconsistent with this view. This is not a case of a contest between equitable estates, as in *Cave* v. *Cave,* 15 Ch. D. 639, and other similar cases. The

first mortgage was paid and is to be treated as though discharged, and hence the interest of the mortgagors at the time of the delivery of the second mortgage is to be regarded as an estate in fee, and the legal estate in the land was conditionally conveyed in the second mortgage and held by the plaintiff upon the assignment and delivery of the papers to her.   Nor is this a case of a mere change in the form of the debt.   The transaction was more than that.   The second and third mortgages were given upon the express agreement that they " operated to satisfy, extinguish and pay " the first mortgage, which all parties intended thereby to discharge.   After this transaction the first mortgage and note did not belong either to Berry or to his *cestuis que trust*.   Both his hold and that of his *cestuis que trust* upon the land, so far as resting upon this first mortgage and note, were extinguished.

The plaintiff is the rightful owner of the second mortgage and the debt thereby secured.   Bremer cannot follow the trust property of his beneficiaries into the mortgage debt assigned to the plaintiff, because the plaintiff is a *bona fide* purchaser for value of the note secured by that mortgage.

There being no cross bill the question whether Bremer can follow the trust property in the $700 note does not arise, nor does he argue before us to the contrary.

*Decree affirmed.*